ERVIN, Justice
(dissenting) :
The District Court, Fla.App., 276 So.2d 221, construed the subject insurance policy against the insured holding that the coverage did not insure against loss to import shipments. The shipments in question had been brought by vessel into the United States at Seattle, Washington in foreign commerce. There they were assembled and became cargo for interstate “piggyback” railroad shipment to New Jersey. True they had not lost their identity as imports for tax purposes, but in the common sense meaning of the insurance policy they were piggy-back cargo shipments moving in interstate commerce at the time the insured suffered their loss by physical damage and theft. The policy excluded “imports” in the sense of cargo being transported in vessels in foreign commerce, but when the “imports” were being transported “piggy-back” they came within the class of any internal shipment of that kind within the intendment of the policy. Any loss that occurred to the insured’s goods while in “piggy-back” transportation was clearly contemplated to fall within the policy’s coverage. Their character as “imports” had changed to that of goods in “piggyback” transport. In any event the policy’s ambiguous stance in the respects noted should have been judicially resolved in in-, sured’s favor.